UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

O'Reilly Law Group, LLC,

    Plaintiff

v.

Stewart Title Company, et al.,

    Defendants

2:16-cv-02699-JAD-GWF

**Order Dismissing Action**

[ECF Nos. 8, 12, 13, 15, 28]

Plaintiff O'Reilly Law Group, LLC secured a state judgment against two of its former clients for unpaid attorney's fees. The law firm seeks to satisfy this judgment from escrow funds that the clients deposited as earnest money for the failed purchase of the OG Gentlemen's Club, an iconic adult-entertainment venue in Las Vegas, Nevada. A bankruptcy court oversaw the sale because the club was partially owned by a bankruptcy estate. And when the clients failed to close on the purchase, the bankruptcy court held that they had forfeited their deposit and that title to the escrow funds had passed to the sellers.

Several parties seek to intervene in this case and move to dismiss it, arguing that the bankruptcy court has already determined that the club's sellers own the escrow funds, not the law firm's debtors, and a judgment creditor cannot collect against property that its judgment debtors no longer own. Although I am sympathetic to the collection challenge that the law firm has been stuck with, these escrow funds offer no lawful path to payment. So I grant the motions to intervene and dismiss this case.

**Background**

In 2013, the O'Reilly firm was representing two companies that entered into a written agreement to purchase the OG Gentlemen's Club.[1] This purchase agreement required the law firm's

---

[1] ECF No. 1 at 4.

clients to deposit $1 million into escrow as earnest money for the deal, which would be forfeited if they failed to pay the remaining $16 million purchase price.[2] This sale also had a complication: one of the club's owners was in bankruptcy, so his interest in the club was property of a bankruptcy estate. The bankruptcy court thus had jurisdiction over the club's sale and had to approve it, and the estate's trustee was to receive the purchase money so that she could oversee its dispersal.[3]

But the O'Reilly firm's clients never paid the remaining money they owed, so in 2014 the trustee filed an adversary proceeding in bankruptcy court to force them to pay. Over the following year, the firm represented the buyers in the adversary proceeding, attempting to extricate them from the deal and to claw back their $1 million deposit. Making no progress, in the summer of 2016, the firm asked to withdraw as the buyers' counsel because they were not getting paid for their legal services, and the bankruptcy court agreed. The firm then went to state court and obtained a default judgment against the buyers for its unpaid attorney's fees, dated September 16, 2016.[4]

Meanwhile, the bankruptcy proceeding continued. The buyers could not afford new counsel to replace the firm and they eventually lost. The bankruptcy court issued its order in November 2016. Crucial to this case, the bankruptcy court's order includes a declaration stating that title to the $1 million in escrow money "vested in [the club's sellers] when [the sellers] accepted the Agreement, and the [escrow funds] no longer belonged to [the law firm's clients] after October 29, 2014[,] when this Court approved the agreement."[5] To support this finding, the bankruptcy court cited to cases holding that title to escrow funds vests with the seller on the day that the seller accepts

---

[2] ECF No. 8-1 at 3–5 (bankruptcy court order in case no. 14-01018-MKN). Although this bankruptcy order was not attached to the law firm's complaint, I take judicial notice of it. *See United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir. 2003) (noting that a court may consider documents "attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice."); Fed. R. Evid. 201 (permitting courts to take judicial notice of certain adjudicative facts); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record,'" including "the existence" of other courts' opinions). The escrow money was deposited with defendant Stewart Title Company.

[3] ECF No. 8-1 at 3–5.

[4] ECF No. 1-1.

[5] *Id.* at 15.

the purchase contract.[6]

After having represented the buyers for several years on the failed club deal, the firm knew that its only potential collectable asset was this escrow deposit.[7] So the firm attempted to execute its attorney's fees judgment against the buyers by garnishing the escrow money in state court.[8] But given the bankruptcy court's order that the funds were not owned by the debtors of the law firm's judgment, the state court stayed the garnishment. The state court took no position on who owns the escrow funds or whether the firm can garnish them.[9]

The firm then filed this case seeking a declaration that "it is entitled to execute its judgment against [its clients] from their" escrow funds—despite that a bankruptcy court has already declared that these funds are owned by the club's sellers. The club's sellers move to intervene in this case and to dismiss the law firm's complaint.[10] The firm moves for summary judgment in its favor. As I explain below, I grant the club sellers' motions to intervene and to dismiss, so I deny the law firm's motion for summary judgment as moot.

## Discussion

**A.    I grant the intervenors' motions to intervene.**

The other entities involved in the club's sale seek to intervene in this case because they have some interest in the escrow funds.[11] Federal Rule of Civil Procedure 24(a) allows entities to intervene as a matter of right if they have "an interest relating to the property or transaction that is the subject of the action," they are "so situated that disposing of the action may as a practical matter impair or impede [their] ability to protect [their] interest," and the "existing parties [do not]

---

[6] *Id.*

[7] ECF No. 1 at 3.

[8] ECF No. 1-2.

[9] ECF No. 13-4 at 2–4.

[10] ECF Nos. 8, 12, 15.

[11] The entities seeking to intervene include Douglas D. Gerrard, a receiver for various companies involved in the sale; Aristotle Holding, LP; and Pete the Greek, LLC.

adequately represent that interest." Rule 24(b) alternatively gives me discretion to permit entities to intervene if they have a "claim or defense that shares with the main action a common question of law or fact."

I find intervention is appropriate here. The interveners offer evidence that they have an interest in the escrow funds given that the bankruptcy court has ordered that they have title to them. If I were to declare that the firm can attach these funds, the interveners' ability to protect their interest may be impeded by the law firm's collection efforts. And no other party to the case has similar interests to the interveners' given that the current parties consist only of the neutral title company and the firm.

The firm argues that I should not allow intervention because it may unduly delay this case, but quite the opposite. As I explain below, the interveners' motion to dismiss disposes of this case. The firm also suggests that the interveners may disrupt my diversity jurisdiction over this case. But an intervener destroys diversity jurisdiction only if it is an indispensable party, and the firm does not even attempt to argue that.[12] I therefore grant the motions to intervene and consider the intervening parties' motion to dismiss.[13]

**B.  I grant the motion to dismiss because the firm is not entitled to a declaration that it can execute its judgment against the escrow funds.**

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law."[14] So a civil action may be dismissed as a matter of law for "lack of a cognizable legal theory."[15] The firm asks for one thing in its complaint: a declaration that it is entitled to satisfy

---

[12] *Mattel, Inc. v. Bryant*, 446 F.3d 1011, 1013 (9th Cir. 2006).

[13] The firm did not timely oppose the intervenors' motions to intervene or their motions to dismiss, giving the court an independent justification to grant these motions. LR 7-2(d). Although I do not find that excusable neglect was shown to justify the firm's delay and I thus deny the motion to extend time [ECF No. 28], I nevertheless consider the firm's belated oppositions in the interest of justice so that I can decide these issues on their merits.

[14] *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983).

[15] *Smilecare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).

its judgment from the escrow funds. But it has no legal right to attach money that its judgment debtors do not own. The firm tries to make this case more complicated, but it is as simple as that.

NRS § 21.080 sets out the universe of property subject to the execution of a judgment: "All goods, chattels, money and other property, real and personal, *of the judgment debtor*."[16] And this makes sense: a judgment creditor stands in the shoes of its debtor; it can recover property only to the extent its debtor could.[17] When there is a dispute about whether certain property is owned by a judgment's debtor, Nevada courts typically hold an evidentiary hearing to figure out who owns it.[18]

But I need not do that here. A bankruptcy court has already issued an order declaring that the escrow funds are owned by the OG Club's sellers and that the law firm's judgment debtors have no legal interest in these funds. The firm offers no other authority or explanation of how it can collect a judgment from someone other than the judgment debtor. In sum, because Nevada law permits the firm to satisfy its judgment only by garnishing its debtors' possessions, and its debtors do not own the escrow funds, the firm has no claim to them.

The firm criticizes the bankruptcy court's determinations about who owns the funds, pointing out that the court made findings after the buyers defaulted in the proceeding. But a declaratory-relief complaint in this court is not a proper vehicle for the firm to appeal the bankruptcy court's decision.[19] The state judgment that the clients owe the firm money does not give it the right to collaterally attack a bankruptcy court's rulings about who owns escrow funds.[20]

The firm repeatedly contends that it should get the funds because of the "first in time" rule. It argues that, because it obtained a judgment against its clients before the bankruptcy court issued its

---

[16] Nev. Rev. Stat. § 21.080 (emphasis added).

[17] *Brooksby v. Nev. State Bank*, 312 P.3d 501, 502 (Nev. 2013).

[18] *Id.*

[19] *In re Johnston*, 2014 WL 5797644, at *4 (D. Ariz. Sept. 25, 2014) ("Normally, a party is not free to disregard a court order and cannot challenge a final judgment through collateral proceedings.").

[20] *See Fietz v. Great Western Savings*, 852 F.2d 455, 458 (9th Cir. 1988) (discussing prohibition on collateral challenges to a bankruptcy court's decision).

judgment in favor of the sellers, the firm should have first dibs on the escrow funds. It is true that the first-in-time rule holds that when two parties have judgments against the same debtor, the judgment issued first has priority. But that rule says nothing about what property the judgment can be executed against. The law firm's state judgment says that its clients owe it several hundred thousand dollars.[21] Neither that judgment nor the law firm's request for a garnishment settled who owns the escrow funds, however. Indeed, the state court took no position on this point.[22] The question is thus not who received a judgment first, but who first received a declaration that they own the funds—and that distinction belongs to the club's sellers. I therefore grant the motion to dismiss.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

- the motions to intervene **[ECF Nos. 8, 15] are GRANTED;**
- the **defendants' motion to dismiss [ECF No. 12] is GRANTED. This case is DISMISSED with prejudice;**
- the plaintiff's motion for summary judgment **[ECF No. 13] is DENIED as moot;**
- the plaintiff's motion for an extension of time **[ECF No. 28] is DENIED**;
- **The Clerk of Court is directed to CLOSE THIS CASE.**

Dated this 30th day of May, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[21] ECF No. 1-1 at 3. The firm also mentions that it garnished the funds, but it offers no authority suggesting that this matters. The firm is effectively arguing that it should be permitted to garnish property it has no claim to, simply because it filed for a garnishment. But filing a request to garnish property is just step one; step two is proving that your debtor owns the property you wish to garnish. *Brooksby*, 312 P.3d at 502. And it is on this second step that the firm falters.

[22] ECF No. 1-3 at 3–4 (stating that the firm "attempted" to execute its judgment against the escrow funds, but that the state court stayed execution because there was a pending dispute in bankruptcy court over who owned the funds).